IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-01163-RPM

PENSION BENEFIT GUARANTY CORPORATION,

    Plaintiff,

v.

ENDODONTIC SPECIALISTS OF COLORADO, P.C.

    Defendant.

---

ORDER DENYING MOTION FOR ATTORNEY'S FEES

---

On August 26, 2014, third-party defendant TPA Services, Inc. ("TPA") moved pursuant to Fed.R.Civ.P. 12(b)(1) for dismissal of the third-party complaint asserted against it by Defendant Endodontic Specialists of Colorado, P.C. ("Endodontic"). Explaining that Endodontic's claims against TPA were the subject of an ongoing parallel state court action, TPA argued that this Court should apply the *Younger* abstention doctrine or, alternatively, that this court should decline to exercise supplemental jurisdiction over the third-party complaint.

By order dated September 19, 2014, this Court dismissed the third-party complaint without prejudice, stating:

> The third party complaint raises the same claims as a pending state court action in the District Court, Arapahoe County, Colorado.... There is no diversity between Endodontic Specialists of Colorado, P.C. and TPA Services, Inc. The exercise of supplemental jurisdiction over the dispute between these parties would interfere with this APA case which will be determined on the administrative record.

(Order, Sept. 19, 2014 [#28]).

On October 3, 2014, TPA moved for an award of attorney's fees pursuant to C.R.S. § 13-17-201. That statute provides in pertinent part:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

Section 13–17–201 mandates an award of costs and attorney fees to a defendant who prevails on a pre-trial motion to dismiss a tort action under C.R.C.P 12(b).[1]

TPA's motion for attorney's fees is denied. In the dismissal order, this court declined to exercise jurisdiction over the pendent third-party state claims according to the authority provided by 28 U.S.C. § 1367(c). Because this court's order of dismissal was premised on federal law that has no counterpart in C.R.C.P. 12(b) or Colorado's state judicial scheme, the Colorado's attorney's fee statute does not apply.

Section 13-17-201 does not apply for the additional reason that Endodontic's third-party complaint against TPA is not primarily a tort action. The allegations state that the relationship between Endodontic and TPA arose from the Service Agreement dated September 28, 2008, attached as Exhibit A to the third-party complaint. Although Endodontic pleaded one claim of breach of contract and one claim of negligence, the crux of Endodontic's third-party complaint is that TPA failed to perform or inadequately performed duties owed under the Service Agreement.

---

[1]The statute expressly applies only to actions dismissed under Rule 12(b) of the Colorado rules of civil procedure, however, the Tenth Circuit has stated that the statute applies when a federal court dismisses a pendent state tort action pursuant to Fed.R.Civ.P. 12(b)(6). *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n.6 (10th Cir.2000).

The negligence claim is nearly identical to the breach of contract claim and the contract claim predominates.

Accordingly, it is

ORDERED that the motion of former third-party defendant TPA Services, Inc. for attorneys' fees [#30] is denied.

Dated:  October 28, 2014

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge